# IN THE UNTIED STATES COURT FOR
## THE NORTHERN DISTRICT OF WEST VIRGINIA

**CYNTHIA HAMILTON,**
     **Plaintiff,**

**v.**                                        **Civil Action No. 1:10-cv-209**

**MONONGALIA COUNTY**
**GENERAL HOSPITAL, CO.,**
     **Defendant.**

## ORDER/OPINION

On June 1, 2011, Defendant, Monongalia County General Hospital ("Defendant), filed a Motion to Compel Plaintiff's Initial Disclosures [DE 19]. On June 7, 2011, Plaintiff Cynthia Hamilton, through counsel, sent her Response to the motion by hard copy delivered to the Clerk's Office. The Response was entered into the CM/ECF system and is deemed filed by the Clerk on June 14, 2011 [DE 21].

A review of the docket shows this civil action was filed by Plaintiff in the Circuit Court of Monongalia County, West Virginia, on July 27, 2010. After Plaintiff filed an Amended Complaint on December 10, 2010, Defendant removed the case to this Court and filed its Answer to the Amended Complaint [DE 3 and 4].

On January 11, 2011, United States District Judge Irene M. Keeley entered a "First Order and Notice Regarding Discovery and Scheduling," setting the deadline for Initial Discovery Disclosures as March 18, 2011. A scheduling conference was set for March 15, 2011 [DE 7].

On January 13, 2011, counsel for Plaintiff, Peter D. Dinardi, sent a letter to the Clerk, enclosing a Motion to Continue the scheduling conference. In that motion, entered into the CM/ECF system by the Clerk, counsel stated that he did not practice in Federal Court because he was unable to e-file and was looking for alternate counsel. As of that date, he had not been able to obtain same.

Counsel also stated that Plaintiff was recently discharged from the hospital and was not able to leave her home to participate in the scheduling conference. The District Judge, for good cause shown, granted the motion to continue and rescheduled the scheduling conference for April 4, 2011 [DE 9]. The conference was later rescheduled to April 19, 2011, by the Court [DE 15].

On February 24, 2011, the parties filed their Joint Report of Parties' Planning Meeting [DE 10]. In that joint report, both counsel represented that they agreed to adhere to the March 18, 2011, deadline for the filing of initial discovery disclosures.

On March 17, 2011, Defendant filed its Initial Disclosures [DE 13].

On April 19, 2011, the Court held the Scheduling Conference via telephone [DE 16]. Plaintiff had not yet filed her Initial Disclosures. On April 25, 2011, the Court entered the Scheduling Order in this case, setting a new deadline of April 29, 2011, for Plaintiff to file her Initial Disclosures [DE 17].

On May 17, 2011, counsel for Defendant wrote a letter to counsel for Plaintiff, requesting the Initial Disclosures as well as responses to discovery be served no later than May 31, 2011 (Defendant's Exhibit A).

On May 19, 2011, Plaintiff's counsel mailed a letter to the Clerk, enclosing a Certificate of Service to be filed for Plaintiff's Answers upon Defendant's First Set of Discovery Requests. The Clerk entered the document into the CM/ECF system on May 20, 2011 [DE 18]. Plaintiff had still not filed her Initial Disclosures. That same date the Clerk contacted counsel's office and informed him that he would need to file future documents electronically. According to the Clerk's minute entry, counsel's office stated that he did not practice in Federal Court or file electronically and he would be filing a motion to withdraw from the case.

On June 1, 2011, Defendant filed its Motion to Compel Plaintiff's Initial Disclosures [DE

19]. On June 2, 2011, the Motion was referred to the undersigned United States Magistrate Judge [DE 20].

On June 13, 2011, Plaintiff's counsel again wrote a letter to the Clerk, enclosing a Response to the Motion to Compel. Counsel stated that he was aware he was not to continue filing paper documents but had no choice. Counsel stated that he had taken a Court-sponsored e-filing course [on May 26, 2011], but had not yet received his log-in and password. Further, he had been admitted to the hospital the day before, and would not be in that week. The Clerk entered the Response to Motion to Compel into CM/ECF on June 14, 2011 [DE 21]. Plaintiff had still not filed her Initial Disclosures.

In her Response to the Motion to Compel, Plaintiff states she had been hospitalized off and on for several months and was only released on May 31, 2011, and therefore had not been able to meet with counsel to discuss the information. Further, counsel had been told not to file any further paper documents. He had taken an e-filing class, but had not yet received his password/login. He had attempted to obtain either co-counsel or substitute counsel without success. Plaintiff therefore requested a thirty (30) day extension of time to file the Initial Disclosures.

The docket discloses that a minute entry dated June 14, 2011, and for Court users only, states that counsel was issued a login and password by email on January 18, 2011, but same had never been used.

The Court is aware of counsel's dilemma; however, this case was removed to this Court six months ago and Plaintiff has yet to file her Initial Disclosures, which were first due by Court Order on March 18, 2011, three months ago. The Court then extended the time to file until April 29, 2011. Further, the Complaint was filed in this case eleven months ago, and, even though filed in State court, the information necessary for making initial disclosures should be in counsel's hand

by now.  The Court is therefore compelled to act to move this case toward resolution.

Upon consideration of all which, the Court **GRANTS** Defendant's Motion to Compel [DE 19].  Plaintiff shall have until **July 5, 2011,** to serve her Initial Disclosures.  Further, a hearing is scheduled for **Friday, July 15, 2011, at 9:00 a.m.** for counsel to show cause, if he can, for his failure to prosecute this claim; for contempt of court; and for sanctions.  All lead counsel and Plaintiff shall appear in person for said hearing.  This hearing <u>may</u> be cancelled by further Order at the Court's discretion.

The Clerk is directed to provide copies of this order to all counsel of record including mailing a copy to counsel for Plaintiff using the United States Mail.

It is so **ORDERED.**

Dated: June 21, 2011.


*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE